**RONG QING LIN, also known as Long Qin Lin, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–4724–ag.

United States Court of Appeals, Second Circuit.

June 19, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

Donald W. Washington, United States Attorney for the Western District of Louisiana, John A. Broadwell, Assistant United States Attorney, Shreveport, LA, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROBERT D. SACK and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Long Qin Lin, a native and citizen of China, seeks review of a September 26, 2006 order of the BIA affirming the May 4, 2005 decision of Immigration Judge ("IJ") William Van Wyke denying petitioner's applications for relief under the Convention Against Torture ("CAT"). *See In re Lin,* No. A78–294–504 (B.I.A. September 26, 2006), *aff'g* No. A78–294–504 (Immig. Ct. N.Y. City May 4, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts and affirms, then supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005). This Court reviews questions of law and the application of law to undisputed fact *de novo. Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). However, this Court reviews factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports the agency's determination that Lin failed to establish eligibility for relief under the CAT. In rendering his decision, the IJ considered the background materials bearing on the issue of torture in China. The State Department Report indicates that "[p]ersons who were trafficked from the country and then repatriated sometimes faced fines for illegal immigration upon their return; after a second repatriation, such persons could be sentenced to reeducation through labor." The State Department Report also indicates that conditions in administrative detention facilities, such as reedu-

cation-through-labor camps, were similar to those in prisons, deaths in reeducation camps led to calls to reform or abolish that system, and sexual and physical abuse were reported in some reeducation camps. The IJ specifically mentioned these statements, but decided that the existence of the possibility of physical or other abuse in a reeducation camp did not establish that Lin would face torture for being smuggled out of China.

Although the IJ found that Lin credibly testified that he had previously left China for Ireland and was returned to China, the IJ noted that Lin had not provided any evidence of mistreatment or harm upon his return. The IJ acknowledged the adverse conditions in reeducation camps, but decided that because Lin had not been fined or otherwise punished after his first return, he was not within the class of people that would be sent to such a camp after a second illegal departure. While that reasoning is an arguably flawed reading of the State Department report, as aptly noted by Lin in his brief to this Court, the BIA appropriately found that there was no evidence that an individual in Lin's circumstances was more likely than not to be subject to the fines or sentences upon reentry, or that Lin, if sent to a reeducation camp was more likely than not to be tortured there.

Thus, "[w]ithout more particularized evidence," Lin's belief that he would be sent to a reeducation camp, even when viewed in connection with the State Department Report, does not establish that it is more likely than not that Lin would be tortured if returned to China. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having complet-ed our review, the pending motion for a stay of removal is DISMISSED as moot.